# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

SHALINUS PYE et al.,

    Plaintiffs,

v.                                      CASE NO. 4:14cv493-RH/CAS

FIFTH GENERATION, INC.,
etc., et al.,

    Defendants.

_____/

## ORDER GRANTING SUMMARY JUDGMENT

Two consumers assert an express-warranty claim against the manufacturers of Tito's Handmade Vodka. The alleged warranty is the statement on the bottle that Tito's is made in "an old fashioned pot still." This order grants summary judgment for the defendants on two grounds, either of which would be sufficient standing alone: when understood as the defendants reasonably intended, the statement is true; and the plaintiffs failed to give notice as required under Florida law for an express-warranty claim. The order does not reach an additional ground invoked by the defendants: lack of privity.

I

The plaintiffs are Shalinus Pye and Raisha Licht. They allege they bought Tito's in reliance on the statements on the label that Tito's is "handmade" and made in "an old fashioned pot still." They seek to represent a class of Florida buyers of Tito's, though the number of consumers who could truthfully say they relied on these statements, rather than, for example, on the taste or price or popularity of the product, may be low.

The first amended complaint asserts six claims: violation of the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes §§ 501.201–501.213; bait-and-switch advertising in violation of Florida Statutes § 817.44; breach of express warranty; breach of implied warranty; negligence; and unjust enrichment.

The defendants are Fifth Generation, Inc. and Mockingbird Distillery Corporation. According to the first amended complaint, they manufacture Tito's. They moved to dismiss all the claims. The order of September 23, 2015, ECF No. 42, dismissed all the claims except the express-warranty claim. And the order limited the express-warranty claim to the statement that Tito's is made in "an old fashioned pot still." As set out in that order, the plaintiffs cannot recover based on the statement that Tito's is "handmade."

The defendants now have moved for summary judgment on the remaining claim. The motion has been fully briefed and is ripe for a decision.

II

On a summary-judgment motion, disputes in the evidence must be resolved, and all reasonable inferences from the evidence must be drawn, in favor of the nonmoving party. The moving party must show that, when the facts are so viewed, the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A summary-judgment motion cannot be used to resolve in the moving party's favor a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

In opposing summary judgment, the plaintiffs rely on state decisions applying the state summary-judgment rule, but the federal rule governs here; it would not matter if Florida abolished summary-judgment procedure altogether. *See, e.g., Hanna v. Plumer*, 380 U.S. 460 (1965) (holding that the Federal Rules of Civil Procedure govern civil cases in federal court, even when state law supplies the rule of decision, with exceptions not applicable here); *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1295-99 (11th Cir. 1999) (same), *vacated in part on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

Federal Rule of Civil Procedure 56(c)(1) requires a party to cite the record in support of or in opposition to a summary-judgment motion. Local Rule 56.1(F) and the Scheduling Order in this case, ECF No. 46 at 3, also require citations to the

record. A district court need not consider materials that are not properly cited. *See* Fed. R. Civ. P. 56(c)(3).

In support of their summary-judgment motion, the defendants have rigorously cited the record for every fact on which they rely. The plaintiffs' response cites the record only for the wording on the Tito's label. The plaintiffs have cited no record support for their other factual assertions. The reason is apparently that there *is* no record support for the assertions. In any event, as authorized by Federal Rule of Civil Procedure 56(c)(3), I choose not to consider evidence, if there is any, supporting the assertions for which the plaintiffs provided no citations to the record.

### III

The record establishes without dispute that vodka can be made using two types of stills: a "pot" still or a "column" still. Pot stills have been around longer, dating to before the Civil War. The defendants use pot stills and say this produces smoother vodka. The manufacturers who use column stills might dispute this. What is undisputed, though, is that the defendants use pot stills and that pot stills can reasonably be called old-fashioned, both in absolute terms and in comparison to column stills.

The plaintiffs say that anything that has been changed is not "old-fashioned." The assertion assigns to the term a meaning far more precise and

restricted than the term ordinarily bears. Suppose a person bucks the trend toward reading books on an electronic reader or newspapers on an electronic tablet or computer. The person might be said to read old-fashioned books and old-fashioned newspapers. This hardly means books bound as they were 100 years ago, with the same typeface, or newspapers that cover stories as they were covered before the 24-hour news cycle. Bound books and hard-copy newspapers may be quite modern in some respects, but they still can be called "old-fashioned."

The plaintiffs offer up automobiles as an example cutting the other way. Thus, they say, a modern car manufactured in 2016 operates the same way as a Model T made in 1908, but the 2016 car could never be called "old-fashioned." But a 2016 car driven by a human being—when contrasted to a driverless car—might indeed be called old-fashioned. Within a few years that terminology may be commonplace.

In sum, the defendants make Tito's vodka in a pot still—a manufacturing method the defendants reasonably label "old-fashioned." Nothing in the record is to the contrary. The plaintiffs have failed to provide evidentiary support for their express-warranty claim. The defendants are entitled to summary judgment.

IV

The plaintiffs have asserted for the first time, in response to the summary-judgment motion, a new express-warranty claim: that the defendants warranted that

all Tito's vodka is made in a *single* still. The first amended complaint alleges no such warranty, and the record does not support the assertion.

To be sure, the label on any given bottle of Tito's vodka says it was made in "an old-fashioned pot still"—singular. But this is not a representation that *every* bottle was made in the *same* old-fashioned pot still. The plaintiffs' contrary suggestion is akin to reading the statement, "92% of Americans were born in a hospital," to mean they were all born in the *same* hospital. Not surprisingly, the plaintiffs have not sworn that they read the label this way.

The new express-warranty claim has not been properly pleaded and is, in any event, unfounded on the merits.

V

Under Florida law, a prerequisite to an express-warranty claim is notice to the manufacturer of the breach. *See, e.g.*, *Lamb v. Graco Children's Products Inc.*, 2012 WL 12871963, at *2 (N.D. Fla. Jan. 25, 2012) (collecting authorities); *Jovine v. Abbott Labs., Inc.*, 795 F. Supp. 2d 1331, 1339-40 (S.D. Fla. 2011). Here the plaintiffs survived the motion to dismiss because they alleged they gave notice. But in response to the summary-judgment motion, the plaintiffs' obligation was to provide *evidence* in support of the allegation. They have not done it. The defendants have submitted evidence that they did *not* receive notice. The plaintiffs have offered an unsupported assertion that they gave notice, but the record includes

no *evidence* supporting the assertion. This standing alone provides another basis for summary judgment for the defendants.

VI

For these reasons,

IT IS ORDERED:

1.  The defendants' summary-judgment motion, ECF No. 47, is granted.

2.  The clerk must enter judgment stating, "This action was resolved on a summary-judgment motion. It is ordered that the plaintiffs Shalinus Pye and Raisha Licht recover nothing on their claims against the defendants Fifth Generation, Inc., and Mockingbird Distillery Corporation. The claims are dismissed on the merits."

3.  The clerk must close the file.

SO ORDERED on September 27, 2016.

s/Robert L. Hinkle  
United States District Judge